**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALAN CARLSON & PETER DeLUCA<br><br>   Plaintiffs,<br><br> vs.<br><br>NORTHROP GRUMMAN CORPORATION<br>and the NORTHROP GRUMMAN<br>SEVERANCE PLAN,<br><br>   Defendants. | Case No. 13-cv-2635<br><br>Magistrate Judge Maria Valdez |

## <u>DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT</u>

Northrop Grumman Corporation and the Northrop Grumman Severance Plan (together, "Northrop") answer the plaintiffs' Complaint and set forth their defenses as follows:

### NATURE OF THE ACTION

1.   Northrop denies every allegation in Paragraph 1.

2.   Northrop admits the allegations in Paragraph 2, except that Northrop denies that Alan Carlson and Peter DeLuca worked for Northrop Grumman Technical Service, Inc. for 35 and 38 years respectively.

3.   Northrop admits the allegation in Paragraph 3 that the plaintiffs and two other individuals were terminated as part of a Reduction in Force. Northrop admits that one of the other two individuals referenced had 32 years of service. Northrop denies the remaining allegations in Paragraph 3.

4.   Northrop admits the allegation in Paragraph 4 that the plaintiffs did not receive severance benefits following their termination.  Northrop further admits that the plaintiffs

continued to receive medical, dental, and vision benefits after their termination. Northrop denies every remaining allegation in Paragraph 4.

5.     Northrop admits the allegation in Paragraph 5 that the plaintiffs purport to bring this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and in the alternative, as a breach of contract. Northrop admits the allegation that the plaintiffs purport to bring this action against the Northrop Grumman Severance Plan and Northrop Grumman Corporation, and that the plaintiffs: (1) seek remedies under 29 U.S.C. § 1132(a)(1)(B) for benefits allegedly due pursuant to the terms of an employee benefit plan governed by ERISA, (2) seek remedies under 29 U.S.C. § 1132(a)(3) for Northrop Grumman Corporation's alleged actions in interfering with the plaintiffs' rights in alleged violation of ERISA, 29 U.S.C. § 1140, (3) claim breach of contract under state law, and (4) seek costs and attorneys' fees. Northrop denies that it has violated ERISA or any other federal or state law, and further denies that the plaintiffs are entitled to the remedies sought.

6.     Northrop admits that the plaintiffs purport to bring claims under ERISA and for breach of contract. Northrop denies each of the remaining allegations in Paragraph 6.

7.     Northrop admits the allegation in Paragraph 7.

### THE PARTIES

8.     Northrop admits that plaintiff Alan Carlson ("Carlson") is a former employee of Northrop Grumman Technical Services, Inc., a subsidiary of Northrop Grumman Corporation. Northrop denies the remaining allegations in Paragraph 8.

9.     Northrop admits that plaintiff Peter DeLuca ("DeLuca") is a former employee of Northrop Grumman Technical Services, Inc., a subsidiary of Northrop Grumman Corporation. Northrop denies the remaining allegations in Paragraph 9.

10.     Northrop admits that the Northrop Grumman Severance Plan ("the Plan") is an employee benefit plan, the terms of which are contained in plan documents.  Northrop admits that Exhibit 1 to the Complaint contains some of the Plan terms.  The remaining allegations in Paragraph 10 are legal conclusions which do not require a response.  To the extent that a response is required, Northrop denies each such allegation.

11.     Northrop admits that Northrop Grumman Corporation is the parent company to the plaintiffs' former employer.  Northrop admits that Northrop Grumman Corporation is identified as the sponsor and administrator of the Plan.  Northrop admits that the Plan states that Northrop Grumman Corporation has delegated its authority to administer the Plan to Northrop Grumman Corporation's Chief Human Resources and Administrative Officer.  Northrop Grumman admits that it is headquartered in Virginia and maintains its principal place of business in Virginia.  Northrop admits that a subsidiary of Northrop Grumman Corporation maintains an office in Rolling Meadows, Illinois, at which the plaintiffs were formerly employed.  The remaining allegations in Paragraph 11 are legal conclusions which do not require a response.  To the extent that a response is required, Northrop denies each such allegation.

**COUNT I—ERISA 29 U.S.C. § 1132(a)(1)(B) CLAIM FOR BENEFITS DUE AND CLARIFICATION AS TO RIGHTS UNDER THE PLAN (AGAINST ALL DEFENDANTS)**

12.     Northrop restates and incorporates by reference herein its answers to Paragraphs 1-11.

13.     Northrop admits the plaintiffs purport to plead the allegations in Paragraph 13 in the alternative.  Northrop denies that the plaintiffs' claims are proper.

14.     Northrop admits the allegations in Paragraph 14.

15.     Northrop admits the allegations in Paragraph 15.

16.     Northrop admits that the Plan specifically excludes certain classes of employees. Northrop denies each remaining allegation in Paragraph 16.

17.     Northrop denies the allegation in Paragraph 17 that the plaintiffs were notified on July 12, 2012 that their employment would be terminated.  Northrop admits the allegation in Paragraph 17 that the plaintiffs' last day worked was August 3, 2012.

18.     Northrop admits the allegation in Paragraph 18 that neither Carlson nor DeLuca received a memo from a Vice President of Human Resources advising that they would receive severance benefits.  Northrop denies the remaining allegations in Paragraph 18.

19.     Northrop denies the allegations in Paragraph 19.

20.     Northrop denies the allegations in Paragraph 20.

21.     Northrop denies the allegations in Paragraph 21 to the extent that they conflict with the plan terms.

22.     Northrop admits the allegations in Paragraph 22 that Carlson had 35 years of service and that one of the other two employees referenced had 32 years of service. Northrop denies the remaining allegations in Paragraph 22.

23.     Northrop denies the allegations in Paragraph 23.

24.     Northrop admits the allegations in Paragraph 24 that James Bergstrand was terminated in 2011 in connection with a Reduction in Force, and that he had 37 years of service at the time of his termination.  Northrop denies that Mr. Bergstrand received 37 weeks of severance pay under the Plan.

25.     Northrop admits the allegations in Paragraph 25.

26.     Northrop admits the allegation in Paragraph 26 that the plaintiffs continued to receive medical, dental and vision benefits after their termination. Northrop denies that the

plaintiffs' continued medical, dental and vision benefits were provided under or pursuant to the terms of the Plan.

27.     Northrop denies the allegations in Paragraph 27 to the extent that they conflict with the terms of the Plan.

28.     Northrop admits that on November 9, 2012, the plan administrator's delegate denied the plaintiffs' claims for benefits under the Plan.  Northrop denies that the stated reason for denying the plaintiffs' claims for benefits was that a Vice President of Human Resources did not select the plaintiffs to receive benefits under the Plan.  The allegations in Paragraph 28 regarding whether the denial of the plaintiffs' claims constitutes "an adverse benefit determination, as that term is defined in 29 C.F.R. § 2560.503-1," is a legal conclusion which requires no response. To the extent that a response is required, Northrop denies each such allegation.

29.     Northrop admits the allegations in Paragraph 29.

30.     Northrop admits the allegations in Paragraph 30.

31.     Northrop denies the allegations in Paragraph 31.

32.     The allegation in Paragraph 32 is a legal conclusion which requires no response. To the extent a response is required, each allegation in Paragraph 33 is denied.

33.     The allegation in Paragraph 33 is a legal conclusion which requires no response. To the extent a response is required, each allegation in Paragraph 33 is denied.

34.     Northrop denies the allegations in Paragraph 34.

35.     Northrop admits the allegations in Paragraph 35.

36.     The allegations in Paragraph 36 are legal conclusions which require no response. To the extent that a response is required, each allegation in Paragraph 36 is denied.

## COUNT II—VIOLATION OF 29 U.S.C. § 1140
## (AGAINST NORTHROP GRUMMAN)

37.     Northrop restates and incorporates by reference herein its answers to Paragraphs 1-11.

38.     Northrop admits the plaintiffs purport to plead the allegations in Paragraph 38 in the alternative.  Northrop denies that the plaintiffs' claims are proper.

39.     Northrop admits the plaintiffs quote from 29 U.S.C. § 1140.  Northrop denies each remaining allegation.

40.     Northrop denies the allegation in Paragraph 40.

41.     The allegation in Paragraph 41 is a legal conclusion which requires no response. To the extent that a response is required, the allegation in Paragraph 41 is denied.

42.     Northrop admits the allegation in Paragraph 42.

43.     Northrop admits the allegations in Paragraph 43.

44.     Northrop admits that the Plan specifically excludes certain classes of employees. Northrop denies each remaining allegation in Paragraph 44.

45.     Northrop denies the allegation in Paragraph 45 that the plaintiffs were notified on July 12, 2012 that their employment would be terminated.  Northrop admits the allegation in Paragraph 45 that the plaintiffs' last day worked was August 3, 2012.

46.     Northrop admits the allegations in Paragraph 46.

47.     Northrop lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.     Northrop denies each of the allegations in Paragraph 48.

49. Northrop admits the allegations in Paragraph 49 that Carlson had 35 years of service and that one of the other two employees referenced had 32 years of service. Northrop denies the remaining allegations in Paragraph 49.

50. Northrop denies the allegations in Paragraph 50.

51. Northrop admits the allegations in Paragraph 51 that James Bergstrand was terminated in 2011 in connection with a Reduction in Force, and that he had 37 years of service at the time of his termination. Northrop denies that Mr. Bergstrand received 37 weeks of severance pay under the Plan.

52. Northrop denies each of the allegations in Paragraph 52.

53. Northrop denies each of the allegations in Paragraph 53.

54. Northrop denies each of the allegations in Paragraph 54.

55. Northrop denies each of the allegations in Paragraph 55.

56. Northrop admits the allegation in Paragraph 56 that it did not assert the non-delivery of a memo from a Vice-President of Human Resources in order to deny continued medical, dental, and vision coverage to the plaintiffs. Northrop denies each remaining allegation in Paragraph 56.

57. Northrop denies each of the allegations in Paragraph 57.

58. The allegations in Paragraph 58 of the Complaint are legal argument which does not require a response.

59. Northrop denies each of the allegations in Paragraph 59.

60. Northrop denies each of the allegations in Paragraph 60.

## <u>COUNT III—BREACH OF CONTRACT</u><br><u>(AGAINST NORTHROP GRUMMAN)</u>

61. – 74.    Count III of the plaintiffs' complaint has been dismissed for failure to state a claim.  Accordingly, no response is required to the allegations contained therein.

## DEFENSES

Northrop states the following defenses to the plaintiffs' Complaint:

### FIRST DEFENSE
### Failure to State a Claim for Relief

Plaintiffs fail to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE
### Lack of Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction to adjudicate plaintiffs' claims.

### THIRD DEFENSE
### Lack of Standing

Plaintiffs lack standing to sue Northrop for its alleged violation of ERISA, as they are neither participants nor beneficiaries of an employee benefit plan.

### FOURTH DEFENSE
### Failure to Exhaust Administrative Remedies

Plaintiffs have failed to exhaust the administrative procedures available under the Plan for adjudicating their claim that Northrop has acted in violation of 29 U.S.C. § 1140 (Count II).

### FIFTH DEFENSE
### Plan Administrator's Determination was not Arbitrary and Capricious

Plaintiffs' claims fail to establish that the Plan Administrator's decision to deny their claims for severance benefits were arbitrary and capricious.

### SIXTH DEFENSE
### Impermissible Form of Relief

Plaintiffs request forms of relief that are not available under ERISA.

## **SEVENTH DEFENSE**
### **No Jury Trial**

Plaintiffs have failed to state a claim which entitles them to a jury trial.

Dated:  April 14, 2014

Respectfully submitted,

*/s/ Sam P. Myler*

Nancy G. Ross
Sam P. Myler
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
T: (312) 372-2000
F: (312) 984-7700
nross@mwe.com
smyler@mwe.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I, Sam P. Myler, certify that on April 14, 2014, a true and correct copy of the foregoing was served upon all parties of record using the Court's ECF system.

*/s/ Sam P. Myler*

Attorney for the Defendants

DM_US 50845250-3.071494.0023