IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN CARLSON & PETER DeLUCA<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN,<br><br>Defendants. | Case No. 13-cv-2635<br><br>Magistrate Judge Maria Valdez |

## DISCOVERY CONFIDENTIALITY ORDER

**IT IS HEREBY ORDERED** that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following limitations and requirements shall apply to certain material that Plaintiffs Alan Carlson and Peter DeLuca, and Defendants Northrop Grumman Corporation and the Northrop Grumman Severance Plan, may produce, exchange, or use in the above-captioned litigation ("the Litigation").

1. **Scope.** This Order shall govern the handling of all documents, testimony, and discovery responses, including all copies excerpts and summaries thereof (collectively "Material"), produced, created, or exchanged by any party, including third-parties, during the course of the Litigation, regardless of whether the Material is produced or exchanged voluntarily, in response to a discovery request, or pursuant to a court order. This Order shall not apply to any Material that (a) is already in the possession of the party to whom it is produced (the

"Receiving Party") or (b) becomes generally available to the public, unless its publication is in violation of the law or this Order.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) personnel or employment records of a person who is not a party to this action; (g) information which if disclosed absent this Order may violate a legal or contractual obligation the Producing Party has to maintain the confidentiality of the information; or (h) any information otherwise protected against disclosure by Rule 26(c) of the Federal Rules of Civil Procedure.

3. **Designation of Material as Confidential.**

(a) A party may designate a document as Confidential for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status

or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any document marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential are not required to be marked.

(b) The designation of a document as "CONFIDENTIAL" is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.

4. **Depositions.**

(a) Deposition testimony may be designated as Confidential by serving opposing counsel a "Notice of Designation" within fifteen (15) days after receiving the certified transcript of the deposition. The Notice of Designation shall identify by page and line number the portions of the testimony that are to be treated as Confidential. All deposition testimony is to be treated as Confidential until fifteen (15) days after the parties' receipt of the certified transcript of the deposition, at which point only those portions of the deposition designated as Confidential pursuant to a Notice of Designation served in accordance with this Paragraph shall be treated as Confidential.

(b) Deposition testimony may also be designated as Confidential if a party identifies on the record at the deposition those portions of the testimony that are to be treated as Confidential.

    (c)    In the event that it becomes necessary at a deposition or hearing to show any Confidential Material to a witness, any testimony related to the Confidential Material shall be deemed to be Confidential, and the pages and lines of the transcript setting forth such testimony shall be designated accordingly.

5. **Protection of Confidential Material**

    (a)    **Generally.** Material designated as Confidential shall not be given, shown, made available or communicated in any way to anyone except those persons specified in sub-paragraph (b) below to whom it is necessary that such Confidential Material be given or shown for a purpose permitted by this Order. Confidential Material may only be used by the parties in connection with the Litigation and any appeals thereof.

    (b)    **Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Material to any third party except as set forth in subparagraphs (i) – (ix) below. Subject to these requirements, the following categories of persons ("Qualified Persons") may be allowed to review Confidential Material:

    i.    **Counsel.** Counsel for the parties and attorneys, clerical, paralegal and other staff of counsel who are assisting in this action;

    ii.    **Parties.** The Parties and those officers and employees of the Parties deemed necessary to aid counsel in the conduct of the Litigation;

    iii.    **The Court, Court Personnel, and Jurors**;

    iv.    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

   v.  **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

   vi.  **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification in the attached Acknowledgment of Understanding and Agreement to Be Bound;

   vii.  **Witnesses.** Witnesses (other than Parties) during any interview, deposition, hearing or informal meeting conducted by counsel for a party, however, in the case of review during an interview or informal meeting, such persons shall be allowed to review Confidential Material only after such persons have completed the certification in the attached Acknowledgment of Understanding and Agreement to Be Bound;

   viii.  **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

   ix.  **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered and only after such persons have completed the certification in the attached Acknowledgment of Understanding and Agreement to Be Bound.

  (c)  **Control Materials**. Counsel for the parties shall make all reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Materials.

  6.  **Inadvertent Failure to Designate.** An inadvertent failure to designate material as Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice

of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as "CONFIDENTIAL" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "CONFIDENTIAL", even where the failure to so designate was inadvertent and where the material is subsequently designated "CONFIDENTIAL."

       7.     **Filing of Confidential Material.** This Order does not, by itself, authorize the parties to file any Confidential Material under seal. In the event that a party wishes to file Confidential Material under seal in connection with a motion, brief, or any other submission to the Court, the party must comply with the requirements for filing confidential material set forth in the Local Rules for the Northern District of Illinois, this Court's Case Management Procedures, and the following procedure:

       (a)     If a party intends to file a motion or paper with the Court containing Confidential Material which it wishes to be sealed, it shall file and notice for hearing, <u>prior to the deadline for filing</u>, a Motion to File Under Seal. The Motion to File Under Seal must demonstrate that there is good cause for the Confidential Material to be sealed by: (i) describing the Confidential Material with specificity; and (ii) explaining why it is necessary and consistent with Seventh Circuit law that

the Confidential Material be filed under seal. The movant shall bring the Confidential Material it wishes to be sealed to the hearing on its motion.

      (b)    If a party intends to file a motion or paper which contains Confidential Material designated as such by another party or a third-party, it shall notify the Designating Party of its intention to file the Confidential Material at least seven (7) calendar days prior to the filing of the motion or paper containing the Confidential Material. If the Designating Party so chooses, it may then ask the Court that the material be sealed in the manner set forth in Paragraph (8)(a) above.

    8.    **No Greater Protection of Specified Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

    9.    **Challenges by a Party to Designation of Material as Confidential.** The designation of Material as Confidential is subject to challenge by any party. In the event that a party wishes to challenge a designation, the following procedure shall apply:

      (a)    **Meet and Confer**. A party challenging the designation of Material as Confidential must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. During the conference, the challenging party must explain the basis for its claim that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in

designation is offered, to explain the basis for the designation. The designating party must respond in writing to the challenge within five (5) business days.

(b) **Judicial Intervention.** If the parties are unable to resolve the dispute during the meet and confer, the party challenging the Confidential designation shall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the challenged Material as Confidential under the terms of this Order.

10. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated "CONFIDENTIAL" shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced during discovery or at trial.

11. **Use of Confidential Material.**

(a) **In Filings.** Nothing in this Order shall be construed to affect the use of any document, material, or information in court filings. However, a party that intends to file Confidential Material shall file the material in the manner prescribed by the Local Rules, this Court's Case Management Procedures, and Paragraph (8) above.

(b) **At Trial or Hearings.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Material at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion or in a pretrial memorandum without disclosing the protected information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Material Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Confidential Material, the party served with the subpoena or order must notify the Designating Party, in writing, within five (5) days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or order.

(b) The party served with the subpoena or order must also immediately serve notice on the party that caused the subpoena or order to issue that some or all of the material requested by the subpoena or order is subject to and protected by this Order. In addition, the party served with the subpoena or order must deliver a copy of this Order promptly to the party that caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this

case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14. **Obligations upon Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after the dismissal of the Litigation or after the entry of a final judgment that is not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within sixty-three (63) days after dismissal of this action or after the entry of a final judgment not subject to further appeal, all Confidential Material protected under this order, including all copies of such Material, shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu

of return; or (3) if the Confidential Material bears the notes or mental impressions of the Receiving Party, that party elects to destroy the Confidential Material and certifies to the producing party that it has done so.

      (c)      **Retention of Work Product and One Set of Filed Documents.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain the following:  (1) attorney work product, including an index that refers or relates to designated Confidential Material so long as that work product does not duplicate verbatim substantial portions of the information intended to be protected by the Confidential designation; and (2) a complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Material shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Material.

      (d)      **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.**  Filings under seal shall be deleted from the ECF system only upon order of the Court.

    15.    **Inadvertent Production of Privileged or Protected Documents.**  The inadvertent disclosure of work produce and privileged material shall be handled in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of any party with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Confidential Material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and the persons made subject to this Order by its terms.

SO ORDERED.                                    ENTERED:

DATE:  June 26, 2014                           _____
                                               HON. MARIA VALDEZ
                                               United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN CARLSON & PETER DeLUCA<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN,<br><br>Defendants. | Case No. 13-cv-2635<br><br><br>Magistrate Judge Maria Valdez |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1. The undersigned hereby acknowledges that he/she has read the Discovery Confidentiality Order ("the Confidentiality Order") entered in the above-captioned case and attached to this Acknowledgement and Agreement to Bound.

2. The undersigned understands the terms of the Confidentiality Order and agrees to be bound by its terms.

3. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use Confidential Material in according with the Confidentiality Order solely for the purposes of the above-captioned action, and not to disclose such Confidential Material to any other person, firm, or entity.

The undersigned acknowledges that violation of the Confidentiality Order may result in a finding of contempt of court and the imposition of penalties.

Name: _____

Title: _____

Date: _____  Signature: _____

DM_US 52706176-1.071494.0023