IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN CARLSON & PETER DeLUCA, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN, <br><br> Defendants. | ) Case No. 13-cv-2635 <br> ) <br> ) Judge Andrea Wood <br> ) <br> ) Magistrate Judge Maria Valdez <br> ) |

**PLAINTIFFS' MOTION TO OPPOSE TAKING JUDICIAL NOTICE OF A "WRAP PLAN" DOCUMENT**

Now come the Plaintiffs, Alan Carlson and Peter DeLuca, individually and on behalf of a class of similarly situated individuals (collectively "Plaintiffs"), by their attorneys Michael Bartolic of The Law Offices of Michael Bartolic, LLC, and R. Joseph Barton of Cohen Milstein Sellers & Toll PLLC, and moves this Honorable Court to oppose taking judicial notice of a purported "Wrap Plan" document Defendants introduced for purposes of their Rule 12(b)(6) motion.

1. The document, attached to Defendants' Memorandum of Law in Support of Their Motion to Dismiss as Exhibit A (ECF #100 Ex. B) does not meet criteria to be properly before the Court on a Rule 12(b)(6) motion.

2. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) requires extrinsic documents supporting a Rule 12(b)(6) motion be referenced in the complaint, concededly

authentic, and central to Plaintiffs' claims. The purported "Wrap Plan" document fails to meet the first two criteria.

3. First, the purported Wrap Plan document was not referenced in Plaintiff's complaint. (ECF #62). There is no mention of it anywhere, and Plaintiffs did not attach it to the Complaint. Second, and more importantly, the document is not "concededly authentic."

4. The Wrap Plan document attached to Defendants' memorandum was adopted and executed before the Severance Plan document upon which Plaintiffs rely, and the Plan document upon which Plaintiffs rely states it is the summary plan description and Plan document, and that there are no other plan documents.

5. The Wrap Plan document was thus voided by the subsequent adoption of the fully integrated 2012 combined Plan document and summary plan description.

## CONCLUSION

For the foregoing reasons, the Court should not take judicial notice of the "wrap plan" for purposes of assessing the sufficiency of the Amended Complaint under Fed. R. Civ. P. 12(b)(6).


December 18, 2015                                    Respectfully submitted,


By:   /s/ Michael Bartolic                           /s/ R. Joseph Barton

Attorneys for the Plaintiffs

Michael Bartolic                                R. Joseph Barton
Rebecca K. Bryant                               Kira L. Hettinger
The Law Offices of Michael Bartolic, LLC        Cohen Milstein Sellers & Toll PLLC
208 S. LaSalle Street                           1100 New York Avenue
Suite 1420                                      Suite 500
Chicago, Illinois  60603                        Washington, D.C.  20005
Tel: 312-635-1600                               Tel: 202-408-4600
Fax: 312-635-1601                               Fax: 202-408-4699

## CERTIFICATE OF SERVICE

 The undersigned, an attorney, hereby certifies that on December 18, 2015, a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following counsel of record:

Nancy G. Ross
Laura R. Hammargren
Abigail M. Bartine
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
T: 312-782-0600
F: 312-701-7711

               /s/ Michael Bartolic_____