IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN CARLSON & PETER DeLUCA, individually and on behalf of a class of similarly situated individuals, | ) ) Case No. 13-cv-2635 ) ) Judge Andrea Wood ) |
| Plaintiffs, | ) Magistrate Judge Maria Valdez ) |
| vs. | ) ) |
| NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN, | ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO OPPOSE TAKING JUDICIAL NOTICE OF A "WRAP PLAN" DOCUMENT**

Plaintiffs submit this memorandum of law in support of their motion to oppose taking judicial notice of the purported "wrap plan" document for purposes of ruling on Defendant's Rule 12(b)(6) motion (ECF #99). Seventh Circuit authority requires materials outside the complaint meet certain criteria to support a Rule 12(b)(6) motion to dismiss. Most relevant here, the materials must be referred to in the Complaint, be concededly authentic, and central to Plaintiffs' claims. The "wrap plan" fails to meet at least two of those requirements.

The Wrap Plan document does not meet the Seventh Circuit's standards to be considered in support of a Rule 12(b)(6) motion because it is not referenced in the complaint and not concededly authentic. Materials outside the complaint can only be considered in support of a Rule 12(b)(6) motion to dismiss if they are referred to in the complaint, concededly authentic, and central to the plaintiff's claims. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Travel*

*Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir. 1996) (reversing dismissal due to reliance on document, to the authenticity of which plaintiff objected). "The interpretation of language in a plan governed by ERISA is controlled by federal common law, which draws on principles of contract interpretation . . . ." *Schultz v. Aviall, Inc. Long Term Disability Plan*, 670 F.3d 834, 838 (7th Cir. 2012); Phillips v. Lincoln Nat'l Life Ins. Co., 978 F.2d 302, 307 (7th Cir. 1992) (holding federal common law principles of contract interpretation apply to ERISA plans). "A binding integrated agreement discharges prior agreements to the extent that it is inconsistent with them." RESTATEMENT (SECOND) OF CONTRACTS § 213 (1981). "Evidence of a consistent additional term is admissible to supplement an integrated agreement unless the court finds that the agreement was completely integrated." *Id.* § 216; *see GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 66 F.3d 862, 866 (7th Cir. 1995) (relying on Restatement § 216 under federal common law of contracts).

The 2012 Severance Plan document Plaintiffs attached to their complaint and to this Memorandum purports to the the only Plan document, and is executed after the "wrap plan document." The document, attached to Defendants' Memorandum of Law in Support of Their Motion to Dismiss as Exhibit A (ECF #100 Ex. B) does not meet criteria to be properly before the Court on a Rule 12(b)(6) motion. First, the purported Wrap Plan document was not referenced in Plaintiff's complaint. (ECF #62). There is no mention of it anywhere, and Plaintiffs did not attach it to the Complaint.

Second, and more importantly, the document is not "concededly authentic." The Wrap Plan document attached to Defendants' memorandum was adopted and executed on December 15, 2011. (ECF #100 Ex. B p. 2 out of 25). Defendants' attached the adoption document to the

purported Wrap Plan document, but did not include the similar adoption document for the Severance Plan document, which is their Exhibit A. (ECF #100 Ex. A).

Before filing the lawsuit, on February 14, 2013 Alan Carlson requested all documents relevant to their claims, pursuant to 29 C.F.R. § 2560.503-1, from Northrop Grumman. (Ex. 1). On March 5, 2013, Margaret Collins, on behalf of Northrop Grumman, responded, providing some documents specific to the claims and various plan documents. (Ex. 2, Pre-Litigation Relevant Documents). Immediately after the cover letter, Northrop Grumman included various apparent plan documents.

Beginning on page 3 appears the purported wrap plan document with the December 15, 2011 adoption. (Ex. 2 at 3). Denise Peppard, Corporate Vice President and Chief Human Resources Officer, executed the document. The second document within that file was the 2012 Northrop Grumman Severance Plan document and summary plan description, dated January 1, 2012. (Ex. 2 at 27). Immediately following that 11-page document is its adoption form, also signed by Denise Peppard in her capacity as Corporate Vice President and Chief Human Resources Officer. (Ex. 2 at 38). She signed this adoption form on January 27, 2012, after adopting the purported wrap plan document. The 2012 Severance Plan document and summary plan description states: "This summary plan description also constitutes the official 'Plan" document governing benefits; therefore, there are no other Plan documents that govern your benefits." (Ex. 2 at 36, plan p. 10). In the Statement of ERISA Rights, the document states the participant has a right to "obtain copies of the cobined Plan document and summary plan description." (*Id.*).

To leave no doubt about an intention to adopt the summary plan description as the sole plan document, on January 29, 2014, Denise Peppard adopted the 2014 Severance Plan

3

document and summary plan description.  (Ex. 3 at 12).  This plan document makes the same representation that "This summary plan description also constitutes the official 'Plan' document governing benefits; therefore, there are no other Plan documents that govern your benefits."  (Ex. 3 at 10).  It also again states a participant has the right to "obtain copies of the combined Plan document and summary plan description."  (*Id.*).

Given documents adopted and executed after the "wrap plan" document expressly state they are the only Plan document and no other document governs benefits, the "wrap plan" cannot be concededly authentic under *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

## CONCLUSION

For the foregoing reasons, the Court should not take judicial notice of the "wrap plan" for purposes of assessing the sufficiency of the Amended Complaint under Fed. R. Civ. P. 12(b)(6).


December 18, 2015                                       Respectfully submitted,


By:    /s/ Michael Bartolic                             /s/ R. Joseph Barton

Attorneys for the Plaintiffs

| | |
|---|---|
| Michael Bartolic | R. Joseph Barton |
| Rebecca K. Bryant | Kira L. Hettinger |
| The Law Offices of Michael Bartolic, LLC | Cohen Milstein Sellers & Toll PLLC |
| 208 S. LaSalle Street | 1100 New York Avenue |
| Suite 1420 | Suite 500 |
| Chicago, Illinois  60603 | Washington, D.C.  20005 |
| Tel: 312-635-1600 | Tel: 202-408-4600 |
| Fax: 312-635-1601 | Fax: 202-408-4699 |

## CERTIFICATE OF SERVICE

4

The undersigned, an attorney, hereby certifies that on December 18, 2015, a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following counsel of record:

Nancy G. Ross
Laura R. Hammargren
Abigail M. Bartine
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
T: 312-782-0600
F: 312-701-7711

                                                  /s/ Michael Bartolic_____