**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALAN CARLSON and PETER DeLUCA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 13-cv-02635 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| NORTHROP GRUMMAN CORPORATION ) | |
| and the NORTHROP GRUMMAN ) | |
| SEVERANCE PLAN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Alan Carlson and Peter DeLuca claim that when they were terminated from their long-time employment with Northrop Grumman Technical Services, Inc., they were denied severance benefits that they should have received in accordance with the Northrop Grumman Severance Plan ("Plan"). Plaintiffs allege that they were denied severance benefits due to their employer's desire to avoid longevity-based payments to senior employees and, further, that the denial and their employer's silence about its intentions to exercise discretion to avoid such payments violated the Employee Retirement Income Security Act of 1974 ("ERISA"). With this lawsuit, Plaintiffs seek relief under ERISA from the Plan and Northrop Grumman Corporation ("Northrop"), their employer's parent corporation and the sponsor and administrator of the Plan. Now before the Court are Defendants' motion to dismiss Plaintiffs' First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 99), Plaintiffs' motion to preclude consideration of a document attached to Defendants' motion (Dkt. No. 108), and Defendants' motion to strike Plaintiffs' references to allegedly extrinsic evidence (Dkt. No. 114). For the reasons detailed below, the motions are denied.

## BACKGROUND

The following account of the events is derived from the allegations in Plaintiffs' First Amended Complaint, which are taken as true for purposes of Defendants' motion to dismiss. *See Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

Carlson and DeLuca worked for Northrop Grumman Technical Services, Inc., a Northrop subsidiary, for 35 and 38 years, respectively. (First Am. Compl. ¶ 2, Dkt. No. 62.) Northrop Grumman Technical Services employees could participate in the Plan. (*Id.* ¶¶ 10, 11.) Northrop served as the Plan's sponsor and administrator and was responsible for paying benefits. (*Id.* ¶ 13.) Under the terms of the Plan, eligible severed employees would receive one week of pay for each year of service plus medical, dental, and vision benefits for up to 26 weeks. (*Id.* ¶ 22.) The Plan's terms provided that an employee was eligible for benefits if he worked in the United States, was regularly scheduled to work at least 20 hours per week, and had been notified in writing by his or her management that he was covered. (*Id.* ¶ 16.) The Plan was silent as to which employees would receive written notification of coverage. (*Id.* ¶ 19.) Before October 2011, Northrop employees in the United States who were regularly scheduled to work 20 hours or more per week were uniformly given written notification of their eligibility for severance when they were laid off. (*Id.* ¶¶ 23-26.) In October 2011, however, the company began to treat the written notice condition as a means to choose which of its laid-off employees would receive severance benefits. (*Id.* ¶¶ 27-28.) It did not inform employees of this change. (*Id.*)

Neither Carlson nor DeLuca received written notification that he would receive benefits. (*Id.*) On July 12, 2012, Northrop Grumman notified both of them that their employment would be terminated with their last work day to be August 3, 2012. (*Id.* ¶ 18.) Neither Carlson nor DeLuca received longevity-based pay but both received medical, dental, and vision benefit

coverage. (*Id.* ¶¶ 4, 38.) No benefit plan other than the severance plan provided the health benefits they received. (*Id.* ¶ 4.)

Count I of Plaintiffs' complaint against both Defendants seeks clarification of benefit rights and benefits due under 29 U.S.C. § 1132(a)(1)(B), which allows civil actions to recover benefits due under ERISA plans, to enforce rights under such plans, or to clarify rights to future plan benefits. Count II of the complaint, asserted against Northrop only, alleges a violation of 29 U.S.C. §1140, which makes it unlawful for any person to "discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary" for exercising plan rights or to interfere with the exercise of any future rights. In Count III, Plaintiffs allege that Northrop violated its fiduciary obligations to prospective plan participants by failing to advise them of the company's changed use of the notice provision from a purely administrative step to a substantive disqualification method, and they seek reformation of the Plan's terms to reflect the pre-October 2011 understanding of the notice provision under 29 U.S.C. § 1132(a)(3)(B). Plaintiffs seek relief for themselves and on behalf of a proposed class of employees who were not given written notification of their eligibility for severance benefits.

## DISCUSSION

As an initial matter, the parties dispute whether Defendants' motion to dismiss is properly considered by this Court at all. Plaintiffs observe that the previously-assigned Magistrate Judge, who presided over this matter pursuant to the parties' consent before the filing of the amended complaint made this a putative class action, rejected many of Defendants' current arguments in opinions denying their motion to dismiss a prior complaint and overruling their objections to the filing of the First Amended Complaint. (*See* Dkt. Nos. 29, 60.) Plaintiffs argue that the law of the case doctrine, which discourages a successor court's reconsideration of rulings of a predecessor

court of the same judicial level, precludes a different result on the same arguments now. *See Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005). In response, Defendants correctly argue that the doctrine expresses a preferred practice rather than a limit on a court's discretion to revisit earlier decisions. *See Monfils v. Taylor*, 165 F.3d 511, 520 (7th Cir. 1998). That discretion permits a court to reconsider a prior ruling if there is a compelling reason to do so, such as a change in or clarification of law that makes clear that the earlier ruling was erroneous. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). Here, since the analysis of whether the prior rulings were so clearly erroneous as to relax the application of the law of the case doctrine produces the same result as a direct review of the substance of Defendants' motion, the Court will exercise its discretion to address the motion on its merits.[1]

In assessing the sufficiency of a complaint under Rule 12(b)(6), all well-pleaded allegations are taken as true and viewed in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The complaint must provide enough factual information to state a claim to relief that is plausible on its face and raises a right to relief above the speculative level. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015).

Defendants first contend that Plaintiffs cannot recover because ERISA's grant of a private right of action is limited to those who are either a "participant" or a "beneficiary" under the plan in question. *See* 29 U.S.C. § 1132(a). Defendants argue that employees were not eligible for Plan benefits if they did not receive written notice of inclusion, that Plaintiffs admittedly received no such notice, and that they are thus neither participants nor beneficiaries under the Plan. As a result, Defendants conclude, Plaintiffs fall outside of ERISA's grant of a right of action.

---

[1] The Court does not credit Defendants' assertion that they would be entitled to renewed consideration of their previously rejected arguments as a matter of right merely because those rejections were issued by a non-Article III judge.

But the term "participant" is defined by ERISA to include those who may become eligible for plan benefits. 29 U.S.C. § 1002(B)(7). A plaintiff who has a colorable claim that he will prevail in a suit for benefits or that he will meet eligibility requirements in the future is a "participant" under the statute. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989). Defendants assert that Plaintiffs have no colorable claim of eligibility, as the Plan administrator had complete discretion to determine eligibility. Defendants also correctly observe that decisions delegated by the Plan's terms to the administrator's discretion may be disturbed on judicial review only if they are arbitrary or capricious. *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011). Defendants thus argue that the decision to deny Plaintiffs benefits cannot be assailed here.

Plaintiffs do not agree that the applicable severance plan terms explicitly delegate eligibility decisions to the administrator's discretion or that the eligibility determination must receive deference under an arbitrary and capricious standard of review. Moreover, the parties dispute which documents may properly be considered in the Court's analysis of that issue. Defendants argue that a "Wrap Plan" document is an integral part of the severance plan and refer to that document as support for their assertions about the discretion afforded to the plan administrator (Defs.' Mem. at 4, Dkt. No. 100), while Plaintiffs contend that the Wrap Plan document is not properly considered here. (Dkt. No. 108.) Meanwhile, Plaintiffs assert that a severance plan guide to administration and a tax reporting form should be considered as support for their view that written notice of participation was not traditionally or properly used to exclude laid-off employees from severance benefits (Pls.' Mem. at 6, Dkt. No. 107), and Defendants have moved to strike these documents. (Dkt. No. 114.) These disputes need not be resolved at this stage, however. For reasons explained below, Plaintiff's complaint survives

5

Defendants' motion even if the more deferential standard of review—*i.e.*, the arbitrary and capricious standard for which Defendants cite the Wrap plan as support—governs the Court's analysis. Thus there is no need to resolve this issue now; it may properly be decided at a later stage of the case after any necessary discovery has been conducted. Similarly, the plan administration guide and tax forms cited by Plaintiffs are immaterial to the Court's analysis of the sufficiency of their complaint. The motions directed to these documents (Dkt. Nos. 108, 114) are accordingly denied as moot.

An employer's denial of ERISA plan benefits may be subject to judicial review even under the arbitrary and capricious standard. *Firestone Tire & Rubber Co.*, 489 U.S. at 114-15. Uniform interpretation and application of plan rules are important factors in deciding whether a denial of benefits is arbitrary and capricious. *Russo v. Health, Welfare & Pension Fund, Local 705, Int'l Bhd. of Teamsters*, 984 F.2d 762, 766 (7th Cir. 1993). Interpretation of the same plan term in different ways is "paradigmatically arbitrary and capricious." *Schane v. Int'l Bhd. of Teamsters Union Local No. 710 Pension Fund Pension Plan*, 760 F.3d 585, 591-92 (7th Cir. 2014). Courts examining benefit denial decisions under the arbitrary and capricious standard also assess the extent to which a decision may have been the result of the conflict of interest created when the company that would be required to pay plan benefits is also the entity deciding whether they must be paid. *See, e.g., Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111-12 (2008); *Dennison v. MONY Life Ret. Income Sec. Plan for Employees*, 710 F.3d 741, 747 (7th Cir. 2013).

In this case, Plaintiffs allege that Defendants changed their interpretation of the severance plan in October 2011 without changing its terms or notifying employees of the change. Plaintiffs further allege that the entity making that interpretation decision was also the company that would be required to pay any benefits. (First Am. Compl. ¶¶ 13, 23-28.) Taken as true, as they must be

at this stage, those allegations raise a plausible inference that the benefit denials Plaintiffs contest were arbitrary and capricious, subject to reversal, and grounds for a colorable claim for recovery. None of their claims can be dismissed on the basis of a lack of "participant" status or the discretion afforded Defendants under the Plan.

Defendants next contend that the interference claim in Count II must be dismissed because the types of interference prohibited by 29 U.S.C. § 1140 are limited to adverse actions within the context of the employment relationship, none of which are alleged here. But the Seventh Circuit has expressly disavowed as mere *dicta* prior language in the case law suggesting any such limitation. *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 675 (7th Cir. 2011). In *Feinberg,* the Seventh Circuit notes that § 1140 made it unlawful to "discharge fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." *Id.* (quoting 29 U.S.C. § 1140). The *Feinberg* court then goes on to explain that several of the statute's terms "denote actions that can be taken against a participant or beneficiary who is not an employee" and that many participants and beneficiaries do not fit either label. *Id. Feinberg's* analysis of the statute's language readily applies to Defendants' arguments here. The Court concludes that Plaintiffs need not allege adverse employment actions to state a claim for relief under 29 U.S.C. § 1140.

Count III seeks reformation of the severance plan as a remedy for Defendants' alleged breach of fiduciary duty in failing to inform employees of the change in plan administration. A defendant may be liable for breach of its duty as an ERISA fiduciary not only by virtue of being named to that role by the plan but also by exercising any discretionary control or authority over the plan's management, administration, or assets. *Larson v. United Healthcare Ins. Co.*, 723 F.3d

7

905, 916 (7th Cir. 2013). Defendants assert that Northrop did not act as a fiduciary for the Plan, but Plaintiffs' complaint alleges the opposite. (*See* First Am. Compl. ¶¶ 79, 81, 82.) Since competing factual allegations and any reasonable inferences drawn from them must be resolved in favor of the nonmoving party at the pleading stage, Defendants' factual assertions do not provide a proper basis to dismiss the complaint for failure to state a claim.

Defendants argue that Count III, in requesting reformation of a severance plan, is subject to the heightened requirements for pleading fraud under Federal Rule of Civil Procedure 9(b). They cite *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), for the principle that "reformation is a device that is only available by a showing of fraud." (Defs.' Mem. at 14, Dkt. No. 100.) This Court does not read *Amara* so broadly. The Supreme Court did not address Rule 9(b) pleading standards in that case, and it did not suggest that allegations of fraud are a necessary component for a reformation claim under 29 U.S.C. § 1132(a)(3). Rather, the *Amara* court observed that contract reformation was a remedy traditionally available in equity for fraud or mistake and that ERISA plan reformation was sufficiently analogous to be considered "appropriate equitable relief" for violations of the statute. 563 U.S. at 440-41. *Amara* does not support the conclusion that an ERISA claim for reformation is necessarily a fraud claim subject to the requirements of Rule 9(b), and Defendants' contrary interpretation is unpersuasive here.

In the absence of underlying fraud allegations, claims for breach of fiduciary duties are generally not subjected to heightened 9(b) requirements. *See, e.g.*, *Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Grp., Inc.*, No. 07 C 2898, 2009 WL 466802, at *17 (N.D. Ill. Feb. 23, 2009) ("Breach of fiduciary duty is not among the special matters that must be pleaded with particularity under Rule 9(b)."); *Jackson v. N'Genuity Enter., Co*, No. 09 CV 6010, 2010 WL 4628668, at *2-3 (N.D. Ill. Nov. 8, 2010). This principle applies equally to ERISA claims for

8

breaches of fiduciary duty. *See, e.g.*, *Howell v. Motorola, Inc.*, 337 F. Supp. 2d 1079, 1089 (N.D. Ill. 2004); *In re AEP ERISA Litig.*, 327 F. Supp. 2d 812, 821-22 (S.D. Ohio 2004); *Rankin v. Rots*, 278 F. Supp. 2d 853, 866 (E.D. Mich. 2003) ("We therefore hold that Rule 9(b) is not applicable in cases in which the complaint alleges breaches of fiduciary duty under ERISA, and does not allege fraud or mistake."). In the present case, Plaintiffs' complaint provides fair notice to Defendants of the communication failure that constituted the alleged breach of their fiduciary duties; the more stringent Rule 9(b) standard is not appropriately applied here.

Finally, Defendants argue that Count III must be dismissed because it seeks relief duplicative of that sought in the complaint's other counts. In *Varity Corp. v. Howe,* 516 U.S. 489 (1996), the Supreme Court observed that the equitable remedies available under 29 U.S.C. § 1132(a)(3) were to be considered catchall relief for injuries not adequately remedied under other ERISA provisions and anticipated that equitable relief would not be appropriate where available legal remedies sufficed. *Id.* at 512. Courts in this District have interpreted *Varity Corp.* to require dismissal of a claim for equitable relief that duplicated claims for benefits due under 29 U.S.C. § 1132(a)(1). *See, e.g.*, *Roque v. Roofers' Unions Welfare Trust Fund*, No. 12 C 3788, 2013 WL 2242455, at *6-7 (N.D. Ill. May 21, 2013) (collecting cases).

But district courts have also acknowledged that claims for equitable relief that are not merely "repackaged" claims for unpaid benefits may survive dismissal. *Roque,* 2013 WL 2242455, at *7; *Hakim v. Accenture United States Pension Plan*, 656 F. Supp. 2d 801, 811 (N.D. Ill. 2009). And Plaintiffs' claim for equitable relief here addresses different underlying facts than their wrongful denial of benefits claim. It asserts that Defendants' failure to communicate their intent selectively to exclude employees from participation triggers an equitable obligation to restore the Plan's operation to the pre-October 2011 understanding, even if Defendants exercise

9

of discretion was consistent with the Plan's terms. Although Plaintiffs may not obtain equitable relief for harms adequately addressed by their claims for unpaid benefits, Count III, as currently pleaded, is sufficiently distinct from their other claims to survive dismissal.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 99) is denied. Plaintiffs' motion to strike (Dkt No. 108) and Defendants' motion to strike (Dkt. No. 114) are denied as moot.

Dated: July 11, 2016

Andrea R. Wood
United States District Judge