**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|   |   |
|---|---|
| ALAN CARLSON & PETER DeLUCA, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 13-cv-2635 <br><br> Judge Andrea R. Wood |

**PROPOSED MODIFIED DISCOVERY & CASE SCHEDULE**

Plaintiffs Alan Carlson and Peter DeLuca, individually and on behalf of a class of similarly situated individuals ("Plaintiffs"), by their attorneys Michael Bartolic of Roberts Bartolic, LLP, R. Joseph Barton and Kira Hettinger of Cohen Milstein Sellers & Toll PLLC, and Defendants, Northrop Grumman Corporation and the Northrop Grumman Severance Plan (collectively "Defendants"), by their attorneys Nancy Ross and Laura Hammargren of Mayer Brown LLP, file this Proposed Modified Discovery & Case Schedule pursuant to the Court's July 12, 2016 order.  *See* Dkt. 128.

**Discovery Plan**

The Parties propose the following schedule:

**I. Class Certification Briefing Schedule**:

    A. Plaintiffs' Position:  Pursuant to Dkt. No. 98, the Court previously set the schedule for class certification as follows:  Plaintiffs' motion due 90 days from

    Defendants' Answer, Defendants' response due 28 days later and Plaintiffs' reply due 28 days thereafter. As Plaintiffs see no reason to modify the Court's prior order, the following dates are consistent with that order:

     i. Plaintiffs' Motion for Class Certification: November 14, 2016

     ii. Defendants' Opposition to Class Certification: December 12, 2016

     iii. Plaintiffs' Reply on Class Certification: January12, 2017

  B. Defendants' Position: The schedule originally entered by the Court (Dkt. No. 98), and the Parties' proposals that served as the basis for that schedule (Dkt. No. 92), were created in November 2015, before the Parties briefed the motion to dismiss the First Amended Complaint. Since that schedule was entered, as Plaintiffs acknowledge below, discovery has been ongoing for several months. In light of the current status of the case, including the advanced stage of discovery, Defendants propose the following schedule:

     i. Plaintiffs' Motion for Class Certification: October 14, 2016

     ii. Defendants' Opposition to Class Certification: November 14, 2016

     iii. Plaintiffs' Reply on Class Certification: December 14, 2016

II. **Briefing on Standard of Review**

  A.  Defendants' Motion on Standard of Review: November 14, 2016

  B.  Plaintiff's Response on Standard of Review: December 12, 2016

  C.  Defendants' Reply on Standard of Review: January 12, 2017

**III.    Discovery**

       A. Plaintiffs' Position:

Discovery complete by April 15, 2017. In the Parties' prior discovery plan (Dkt. No. 92), Defendants previously proposed that discovery should be complete 8 months from a decision on the motion to dismiss. April 15, 2017 represents 8 months from the date that Defendants filed their Answer to the current Complaint.

Plaintiff has not issued any additional discovery since before the Court granted Plaintiffs' motion to amend the Complaint to assert class allegations because Defendants had still not completed production as to then outstanding requests for production**.** Beginning on May 6, 2016, Defendants finally began producing documents responsive to Plaintiffs' outstanding discovery requests on a rolling basis, and only substantially completed the bulk of that production on August 5, 2016. Of the documents produced between May and August 2016, approximately 50% were produced in the most recent production; as such, Plaintiffs have not yet had a chance to complete their review of those documents and as such do not know whether or to what extent additional document discovery will be required. On August 16, 2016, counsel for Defendants informed Plaintiffs' counsel that they are still reviewing an unspecified number of documents which they anticipate producing sometime after Labor Day. Defendants have also not yet provided a privilege log, but anticipate providing a privilege log sometime in mid-September. Once Plaintiffs have completed review of the documents and the privilege log, there may be issues with respect to the scope of the production or documents that have been withheld and Plaintiffs may issue additional document requests. Once Plaintiffs have reviewed the current production and received and reviewed additional documents, they anticipate – as indicated by their Rule 26(a) disclosures – deposing a number of Northrop Grumman employees. As such,

Plaintiffs believe that 8 months is a reasonable, if not aggressive, time frame in which to conduct and complete discovery on both class certification and the merits.

B. Defendants' Position:

This case was originally filed in April 2013—making it over three years old—and Plaintiffs have been pursuing discovery since propounding their first discovery requests in early 2014. By and large, the Parties are finished with written discovery, including requests related to class discovery. The discovery that remains is a relatively small number of documents still under review and the production of a privilege log, which Defendants have agreed, at Plaintiffs' insistence, to make best efforts to produce by September 6, 2016, and mid-September 2016, respectively. Defendants are prepared for depositions to begin at any time, and those depositions can reasonably be completed by the end of January, over five months from now. Moreover, the Parties' prior discovery proposal (Dkt. No. 92), on which Plaintiffs rely for their position, and the Court's subsequently entered schedule (Dkt. No. 98) were prepared before the motion to dismiss was briefed, and several additional months of discovery have occurred since that time. A shorter discovery deadline is appropriate given the age and status of this case. As such, Defendants believe that discovery should be completed by January 31, 2017.

## IV. Expert Discovery

At this time, neither party anticipates the need for expert witnesses in this case, but if that changes, the Parties will advise the opposing Party and designate experts pursuant to the deadlines set forth in Rule 26(a)(2)(D).

## V. Summary Judgment Briefing Schedule

A. Plaintiffs' Position:[1]

   i. Summary Judgment motions: due June 30, 2017

   ii. Opposition to motions for summary judgment: due August 15, 2017

   iii. Reply in support of motions for summary judgment: due September 15, 2017.

B. Defendants' Position:

   i. Summary Judgment motions: due no later than 45 days after completion of discovery, final ruling on class certification motion, or ruling on the standard of review, whichever is later.

   ii. Opposition to motions for summary judgment: due no later than 45 days after summary judgment motion.

   iii. Reply in support of motions for summary judgment: due no later than 45 days after opposition.

## VI. Trial

If a trial is necessary after the Court addresses the Parties' respective summary judgment motions, to the extent filed, the Parties believe trial should proceed on or after 90 days from the date of an expected summary judgment ruling. Subject to the Court's schedule, the Parties believe this case can be tried in one calendar week. The trial will be a bench trial. No prior pretrial conference or trial has been set.

---

[1] Plaintiffs' position is predicated on the assumption that the Court will have decided the standard of review by June 2017.

## VII. Magistrate Judge

    A. Plaintiffs' Position:

Plaintiff believes that the case should be referred to a Magistrate Judge for discovery and all non-dispositive motions. As Magistrate Judge Valdez is already familiar with the factual and legal issues in the case, Plaintiffs believe that the case should be referred to Magistrate Judge Valdez. No consent is needed for Judge Valdez to oversee discovery and certain non-dispositive motions. See 28 U.S.C. § 636(b). Plaintiffs believe there is no authority to support replacing the Magistrate Judge in this case, and that Defendants' request for assignment to a different Magistrate Judge is improper.

    B. Defendants' Position:

The case was previously referred to Magistrate Judge Valdez for all purposes, but pursuant to the Court's order, that referral was vacated. The case is not currently referred to the Magistrate Judge for discovery supervision, settlement conference, or any other purpose. Plaintiff believes that the case should be referred to a Magistrate Judge for discovery and all non-dispositive motions. Defendants do not object to the case being referred to a Magistrate Judge for discovery and non-dispositive motions, but would respectfully request assignment to a Magistrate Judge different than Magistrate Judge Valdez, given that the Parties' consent to proceed before Magistrate Judge Valdez has been vacated, and the pending action is materially different than the case previously assigned to Magistrate Judge Valdez.

Date: August 19, 2016               RESPECTFULLY SUBMITTED BY

/s/  Michael Bartolic

Michael Bartolic
Roberts Bartolic, LLP
208 S. LaSalle, Suite 1420
Chicago, IL  60604
T: (312) 635-1600
mbartolic@michaelbartolic.com

/s/  R. Joseph Barton

R. Joseph Barton
Kira Hettinger
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue
Suite 500
Washington, D.C.  20005
Tel: 202-408-4600
Fax: 202-408-4699

*Attorneys for Plaintiffs*


/s/  Laura R. Hammargren

Nancy G. Ross
Laura R. Hammargren
Abigail M. Bartine
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
T: 312-701-8788
nross@mayerbrown.com
lhammargren@mayerbrown.com
abartine@mayerbrown.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon the Clerk of the Court and all parties of record via the Electronic Filing System of the U.S. District Court for the Northern District of Illinois on August 19, 2016.

/s/ Laura R. Hammargren
Laura R. Hammargren