# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALAN CARLSON & PETER DeLUCA, | Case No. 13-cv-02635 |
| Individually and on behalf of a class of similarly situated individuals | |
| Plaintiffs, | Judge Andrea R. Wood |
| vs. | |
| NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN, | |
| Defendants. | |

**<u>AMENDED DISCOVERY CONFIDENTIALITY ORDER</u>**

**IT IS HEREBY ORDERED** that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following limitations and requirements shall apply to certain material that Plaintiffs Alan Carlson and Peter DeLuca, and Defendants Northrop Grumman Corporation and the Northrop Grumman Severance Plan, may produce, exchange, or use in the above-captioned litigation (the "Litigation").

1. **Scope.** This Order shall govern the handling of all documents, testimony, and discovery responses, including all copies excerpts and summaries thereof (collectively "Material"), produced, created, or exchanged by any party, including third-parties, during the course of the Litigation, regardless of whether the Material is produced or exchanged voluntarily, in response to a discovery request, or pursuant to a court order. This Order shall not apply to any Material that (a) is already in the possession of the party to whom it is produced (the "Receiving Party") or (b) becomes generally available to the public, unless its publication is in violation of the law or this Order.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) personnel or employment records of a person who is not a party to this action; (g) information which if disclosed absent this Order may violate a legal or contractual obligation the Producing Party has to maintain the confidentiality of the information; or (h) any information otherwise protected against disclosure by Rule 26(c) of the Federal Rules of Civil Procedure.

3. **Highly Confidential – Attorney Eyes' Only.** Any Party to this action may designate as "Highly Confidential – Attorney Eyes' Only" any Confidential Information which that party reasonably and in good faith believes to contain information that is extremely sensitive such that disclosure to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The designation of "Highly Confidential – Attorney Eyes' Only" represents a certification by the producing party its belief the material meets the Seventh Circuit's test for being filed under seal, and that the producing party will seek to have the material filed under seal.

4. **Designation of Material as Confidential or Highly Confidential – Attorneys' Eyes Only.**

(a) A party may designate a document as Confidential or Highly Confidential – Attorneys' Eyes Only for protection under this Order by placing or affixing the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain

substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential are not required to be marked.

(b) The designation of a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is a certification by an attorney or a party appearing pro se that the document contains Confidential or Highly Confidential Information as defined in this Order.

5. **Depositions.**

(a) Deposition testimony may be designated as Confidential by serving opposing counsel a "Notice of Designation" within fifteen (15) days after receiving the certified transcript of the deposition. The Notice of Designation shall identify by page and line number the portions of the testimony that are to be treated as Confidential. All deposition testimony is to be treated as Confidential until fifteen (15) days after the parties' receipt of the certified transcript of the deposition, at which point only those portions of the deposition designated as Confidential or Highly Confidential – Attorneys' Eyes Only designated consistent with this Order shall be treated as Confidential or Highly Confidential – Attorneys' Eyes Only.

(b) Deposition testimony may also be designated as Confidential if a party identifies on the record at the deposition those portions of the testimony that are to be treated as Confidential. Deposition testimony may also be designated as Highly Confidential if all parties agree on the record at the deposition those portions of the testimony that are to be treated as Highly Confidential, or testimony concerns Material that has been previously agreed to as Highly Confidential.

(c) In the event that it becomes necessary at a deposition or hearing to show any Confidential or Highly Confidential – Attorneys' Eyes Only Material to a witness, any

testimony related to the Confidential or Highly Confidential – Attorneys' Eyes Only Material shall be deemed to be Confidential or Highly Confidential – Attorneys' Eyes Only, as applicable, and the pages and lines of the transcript setting forth such testimony shall be designated accordingly.

6. **Protection of Confidential or Highly Confidential – Attorneys' Eyes Only Material**

(a) **Generally.** Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall not be given, shown, made available or communicated in any way to anyone except those persons specified in sub-paragraph (b) below to whom it is necessary that such Confidential or Highly Confidential – Attorneys' Eyes Only Material be given or shown for a purpose permitted by this Order. Confidential or Highly Confidential – Attorneys' Eyes Only Material may only be used by the parties in connection with the Litigation and any appeals thereof.

(b) **Third-Party Disclosures of Confidential Material.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Material to any third party except as set forth in subparagraphs (i) – (ix) below. Subject to these requirements, the following categories of persons ("Qualified Persons") may be allowed to review Confidential Material:

(i) **Counsel.** Counsel for the parties and attorneys, clerical, paralegal and other staff of counsel who are assisting in this action;

(ii) **Parties.** The Parties and those officers and employees of the Parties deemed necessary to aid counsel in the conduct of the Litigation;

(iii) **The Court, Court Personnel, and Jurors**;

(iv) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(v) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(vi) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification in the attached Acknowledgment of Understanding and Agreement to Be Bound;

(vii) **Witnesses.** Witnesses (other than Parties) during any interview, deposition, hearing or informal meeting conducted by counsel for a party, however, in the case of review during an interview or informal meeting, such persons shall be allowed to review Confidential Material only after such persons have completed the certification in the attached Acknowledgment of Understanding and Agreement to Be Bound;

(viii) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(ix) **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered and only after such persons have completed the certification in the attached Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Third-Party Disclosure of Highly Confidential – Attorneys' Eyes Only Material.** Unless or until the Court rules otherwise, access to any Highly Confidential – Attorneys' Eyes Only Material shall be limited to the categories of Qualified Persons specified in subparts (i) and (iii)-(ix) of the immediately preceding subsection.

(d) **Control Materials.** Counsel for the parties shall make all reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only Material.

7. **Inadvertent Failure to Designate.** An inadvertent failure to designate material as Confidential or Highly Confidential – Attorneys' Eyes Only does not, standing alone, waive

6

the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", even where the failure to so designate was inadvertent and where the material is subsequently designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8. **Filing of Confidential Material.** This Order does not, by itself, authorize the parties to file any Confidential or Highly Confidential – Attorneys' Eyes Only Material under seal. In the event that a party wishes to file Confidential or Highly Confidential – Attorneys' Eyes Only Material under seal in connection with a motion, brief, or any other submission to the Court, the party must comply with the requirements for filing confidential material set forth in the Local Rules for the Northern District of Illinois, this Court's Case Management Procedures, and the following procedure:

(a) If a party intends to file a motion or paper with the Court containing Confidential or Highly Confidential – Attorneys' Eyes Only Material which it wishes to be sealed, it shall file and notice for hearing, <u>prior to the deadline for filing</u>, a Motion to File Under Seal. The Motion to File Under Seal must demonstrate that there is good cause for the Confidential or Highly Confidential – Attorneys' Eyes Only Material to be sealed by: (i)

describing the Confidential or Highly Confidential – Attorneys' Eyes Only Material with specificity; and (ii) explaining why it is necessary and consistent with Seventh Circuit law that the Confidential or Highly Confidential – Attorneys' Eyes Only Material be filed under seal. The movant shall bring the Confidential or Highly Confidential – Attorneys' Eyes Only Material it wishes to be sealed to the hearing on its motion.

(b)  If a party intends to file a motion or paper which contains Material designated as Confidential and produced prior to November 11, 2016, it shall notify the Designating Party of its intention to file the Confidential Material at least two (2) business days prior to the filing of the motion or paper containing the Confidential Material. If the Designating Party so chooses, it may then ask the Court that the material be sealed in the manner set forth in Paragraph (8)(a) above. If a party intends to file a motion or paper which contains Material designated as Confidential after November 11, 2016, it need not provide the Designating Party of its intent to file the Confidential Material prior to filing.

(c)  If a party intends to file a motion or paper which contains Material designated as Highly Confidential – Attorney Eyes' Only, it shall notify the Designating Party of its intention to file the Highly Confidential – Attorney Eyes' Only Material at least seven (7) calendar days prior to the filing of the motion or paper containing the Highly Confidential – Attorney Eyes' Only Material. The Designating Party must ask the Court that the material be sealed in the manner set forth in Paragraph (8)(a) above.

9.  **No Greater Protection of Specified Documents.**  Except for the categories of information that must be redacted under Federal Rule of Civil Procedure 5.2(a) and on privilege grounds not addressed by this Order, no party may withhold or redact information from discovery on the ground that it requires protection greater than that afforded by this Order unless

8

the party moves for an order providing such special protection, and no party may redact information from documents to be produced on any ground other than privilege except for the categories of information that must be redacted under Federal Rule of Civil Procedure 5.2(a). To the extent the parties have previously produced redacted documents not identified on a privilege log, such documents will be re-produced in non-redacted form, subject to the terms herein, on or before December 5, 2016 or on the day the Court enters this order, whichever is later.

10. **Challenges by a Party to Designation of Material as Confidential.** The designation of Material as Confidential or Highly Confidential – Attorneys' Eyes Only is subject to challenge by any party. In the event that a party wishes to challenge a designation, the following procedure shall apply:

(a) **Meet and Confer.** A party challenging the designation of Material as Confidential or Highly Confidential – Attorneys' Eyes Only must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. During the conference, the challenging party must explain the basis for its claim that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond in writing to the challenge within five (5) business days.

(b) **Judicial Intervention.** If the parties are unable to resolve the dispute during the meet and confer, the party challenging the Confidential or Highly Confidential – Attorneys' Eyes Only designation shall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet

and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the challenged Material as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Order.

11. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced during discovery or at trial.

12. **Use of Confidential or Highly Confidential – Attorneys' Eyes Only Material.**

(a) **In Filings.** Nothing in this Order shall be construed to affect the use of any document, material, or information in court filings. However, a party that intends to file Confidential or Highly Confidential – Attorneys' Eyes Only Material shall file the material in the manner prescribed by the Local Rules, this Court's Case Management Procedures, and Paragraph (8) above.

(b) **At Trial or Hearings.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential – Attorneys' Eyes Only Material at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion or in a pretrial memorandum without disclosing the protected information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. **Confidential or Highly Confidential – Attorneys' Eyes Only Material Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Confidential or Highly Confidential – Attorneys' Eyes Only Material, the party served with the subpoena or order must notify the Designating Party, in writing, within five (5) days after receiving the subpoena or order. Such notification shall include a copy of the subpoena or order.

(b) The party served with the subpoena or order must also immediately serve notice on the party that caused the subpoena or order to issue that some or all of the material requested by the subpoena or order is subject to and protected by this Order. In addition, the party served with the subpoena or order must deliver a copy of this Order promptly to the party that caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been

11

filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

      15.    **Obligations upon Conclusion of Litigation.**

          (a)    **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after the dismissal of the Litigation or after the entry of a final judgment that is not subject to further appeal.

          (b)    **Obligations at Conclusion of Litigation.** Within sixty-three (63) days after the later of dismissal of this action or after the entry of a final judgment not subject to further appeal or the final distribution of the proceeds of any settlement, all Confidential or Highly Confidential – Attorneys' Eyes Only Material protected under this order, including all copies of such Material, shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) if the Confidential Material or Highly Confidential – Attorneys' Eyes Only bears the notes or mental impressions of the Receiving Party, that party elects to destroy the Confidential or Highly Confidential – Attorneys' Eyes Only Material and certifies to the producing party that it has done so.

          (c)    **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain the following: (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential – Attorneys' Eyes Only Material so long as that work product does not duplicate verbatim substantial portions of the information intended to be protected by the Confidential or Highly Confidential – Attorneys' Eyes Only designation; and (2) a complete set of all documents filed with the Court including those filed under seal. Any

retained Confidential or Highly Confidential – Attorneys' Eyes Only Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential – Attorneys' Eyes Only Material.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

16. **Inadvertent Production of Privileged or Protected Documents.** The inadvertent disclosure of work produce and privileged material shall be handled in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of any party with standing concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Confidential or Highly Confidential – Attorneys' Eyes Only Material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and the persons made subject to this Order by its terms.

SO ORDERED.  ENTERED:

DATE: November 16, 2016

ANDREA R. WOOD
United States District Court Judge