# **EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ALAN CARLSON & PETER DeLUCA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN,<br><br>Defendants. | Case No. 13-cv-2635<br><br>District Court Judge Andrea R. Wood |

**DEFENDANTS' AMENDED RESPONSE TO PLAINTIFFS' THIRD SET OF INTERROGATORIES DIRECTED TO ALL DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Northrop Grumman Corporation and the Northrop Grumman Severance Plan (together, "Northrop"), hereby provide the following amended objections and responses to Plaintiffs' Third Set of Interrogatories ("Interrogatories") Numbers 16 and 19.

Northrop fully incorporates by reference its introductory statements and General Objections presented in Northrop's December 2, 2016 Response to Plaintiffs' Third Set of Interrogatories Directed to All Defendants, as if fully stated therein. Northrop states that it has not yet completed its (a) investigation of the facts relating to this case, (b) discovery in this action, or (c) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Northrop's right to amend, supplement, or revise these responses with any subsequently discovered information.

**AMENDED RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 16:** For any person who was included in the number of active participants on the Plan's Form 5500 who were eventually Involuntarily Terminated but did not receive both Health Severance and Cash Severance, identify that person by (a) name, (b) address, (c) title at time of termination, (d) sector and division where employed at time of termination, (d) the contract on which he or she worked, (e) the amount of Cash Severance to which the person would have been entitled under the Plan, (f) Week of Pay (as defined in the Plan), and (g) Years of Service (as defined in the Plan).

**RESPONSE:**

In addition to its General Objections, Northrop objects to this Interrogatory and its subparts as vague, ambiguous, and as seeking information that is not relevant to the claim or defense of any party. Specifically, Plaintiffs' definition of "Involuntary Termination or Involuntarily Terminated" as overly broad and ambiguous, as it includes reductions in force, layoffs, "or some other termination . . . initiated by Northrop Grumman and not the employee." Plaintiffs, who were both part of a reduction in force in one program in one sector, have not established that they are adequate representatives for individuals whose employment may have been terminated in another way, such as a voluntary termination. Northrop further objects to subpart (d) as vague, ambiguous, and assumes facts not in evidence, as it assumes all employees worked pursuant to a contract, which is an undefined term.

Northrop further objects to the subparts of this Interrogatory as overly broad, unduly burdensome, and seeking information that is not proportional to the needs of the case. The details requested by the subparts for individuals potentially eligible for the Plan who did not receive severance have no relevance to whether or not the denial of Plaintiffs' benefits claim or management's exercise of its discretion to determine whether Plaintiffs were eligible for severance benefits was proper, or whether Plaintiffs adequately represent the putative class as defined in the Amended Complaint. *See Kernats v. Comcast*, 2010 WL 8742753, at *3 (N.D. Ill.

Jan. 14, 2010) ("[W]here plaintiffs ha[ve] other sources of adequate information to move for class certification" then "courts generally deny discovery requests" that seek only identifying information of putative class members before a class is certified). Further, to generate and sort through the information requested by each subpart in this Interrogatory is overly burdensome before a class is certified, particularly as it requests information related to individuals in other programs and sectors, in other time periods, or who did not receive severance under different circumstances, all of whom Plaintiffs have not yet provided any cognizable theory that they can adequately represent. By providing any information in response to this Interrogatory, Northrop does not waive any objection or defense that Plaintiffs do not adequately represent such individuals. Finally, Northrop further objects to this Interrogatory to the extent it asks for information that Northrop would not have in the regular course of its business and would require detailed calculations.

Subject to and consistent with Northrop's General and Specific Objections, Northrop has identified below, in the aggregate, based on the information currently available to Northrop, individuals included as potentially eligible for benefits in the Plan's Form 5500, who worked 20 hours or more per week, were not Service Contract Act employees or Union employees at the time of termination, were part of an involuntary layoff or reduction in force, and for which the Company's databases do not reflect that they received an offer of cash severance or a cash severance payment from the time period of January 1, 2012 through July 31, 2016. This information is broken out by year and sector. Investigation is ongoing, and disclosure of the below information does not waive any argument Northrop may assert that Plaintiffs do not adequately represent the individuals listed below in the attached chart.

| Year | Aerospace Systems | Electronic Systems | Information Systems | Mission Systems | Technical Services | Technology Services | Total |
|---|---|---|---|---|---|---|---|
| 2012 | 8 | 1 | 32 | | 200 | | |
| 2013 | 5 | 0 | 18 | | 205 | | |
| 2014 | 5 | 3 | 37 | | 109 | | |
| 2015 | 6 | 1 | 16 | | 77 | | |
| 1/16-7/16 | 5 | 0 | 1 | 4 | | 18 | |
| Total | 29 | 5 | 104 | 4 | 591 | 18 | 751 |

**INTERROGATORY NO. 19:** Identify the individuals who either decided Plaintiffs' claim for benefits or decided to deny the appeal of their denied claim for benefits by (a) name, (b) last known address, (c) title at Northrop Grumman at the time of the decision, (d) title, role, or responsibility with respect to the Plan, and (d) whether they were involved with denying the claim for benefits and/or the appeal, or both.

**RESPONSE:**

In addition to its General Objections, Northrop specifically objects to this Interrogatory and its subparts on the grounds that its request that Northrop identify individuals' "titles, roles or responsibilities with respect to the Plan" and whether individuals were "involved" with denying the claim or benefits and/or the appeal are both vague and do not adequately describe the information requested. Subject to its General and Specific Objections, Northrop identifies the following individuals. All individuals should be contacted through counsel.

| Name | Title in late 2012-early 2013 | Role regarding Severance Plan | Decision |
|---|---|---|---|
| Margaret Collins | Corporate Director, Retirement Administration, Compliance and Services | Delegated authority from Plan Administrator for Severance Plan to decide claims for benefits | Plaintiffs' claim for benefits |
| Chris McGee | Vice President, Compensation & Benefits | Severance Plan Review Committee | Plaintiffs' appeal of their claim for benefits |
| Denise Peppard | Corporate Vice President and Chief Human Resources Officer | Severance Plan Review Committee | Plaintiffs' appeal of their claim for benefits |
| Louise Ussery | Sector Vice President, Human Resources, Technical Services | Severance Plan Review Committee | Plaintiffs' appeal of their claim for benefits |

Date:  December 15, 2016

            */s/ Laura R. Hammargren*

            Nancy G. Ross
            Laura R. Hammargren
            Abigail M. Bartine
            Mayer, Brown LLP
            71 South Wacker Drive
            Chicago, IL  60606
            (312) 782-0600

            *Attorneys for Defendants NORTHROP*
            *GRUMMAN CORPORATION and the*
            *NORTHROP GRUMMAN SEVERANCE PLAN*

## **CERTIFICATE OF SERVICE**

On December 15, 2016, I served the following document: Defendants' Amended Response to Plaintiffs' Third Set of Interrogatories Directed to All Defendants on the counsel of record below by electronic and overnight mail, delivering a true and correct copy of such document to the counsel's business address as follows:

>Michael Bartolic
>Roberts Bartolic LLP
>208 South LaSalle Street, Suite 1420
>Chicago, IL  60603
>Tel: 312-635-1600
>Fax: 312-635-1601
>
>R. Joseph Barton
>Kira L. Hettinger
>Cohen Milstein Sellers & Toll PLLC
>1100 New York Avenue, Suite 500
>Washington, DC  20005
>Tel: 202-408-4600
>Fax: 202-408-4699

_/s/ Laura R. Hammargren_

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN CARLSON & PETER DeLUCA<br><br>Plaintiffs,<br><br>vs.<br><br>NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN,<br><br>Defendants. | Case No. 13-cv-2635<br><br>Judge Andrea Wood |

## VERIFICATION

STATE OF TEXAS }
}
COUNTY OF DALLAS }

I, Mike Penkert, Corporate Employee Relations Director, declare under penalty of perjury that I have read Defendants' Response to Plaintiffs' Third Set of Interrogatories, dated December 2, 2016, and Defendants' Amended Objections and Responses to Plaintiffs' First Set of Interrogatories and Defendants' Amended Response to Plaintiffs' Third Set of Interrogatories, both dated December 15, 2016, and the matter contained therein is true to the best of my knowledge, information, and belief.

Dated: 1/3/17

_____
Mike Penkert
Director, Corporate Employee Relations