# Exhibit A

```
                                                            Page 1

 1            IN THE UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF ILLINOIS
 2                     EASTERN DIVISION
 3    ALAN CARLSON & PETER    §
      DeLUCA, individually    §
 4    and on behalf of a      §
      class of similarly      §
 5    situated individuals,   §
           Plaintiffs,        §
 6                            §
      VS                      §    Civil Action No. 13-cv-2635
 7                            §
      NORTHROP GRUMMAN         §
 8    CORPORATION and the     §
      NORTHROP GRUMMAN         §
 9    SEVERANCE PLAN,          §
           Defendants.        §
10
11
12    ----------------------------------------------------------
          ORAL DEPOSITION OF NORTHROP GRUMMAN CORPORATION
13
                           SERVICE PLAN
14
      BY AND THROUGH ITS DESIGNATED 30(B)(6) REPRESENTATIVE
15
                       MICHAEL LEE PENKERT
16
                       DECEMBER 16, 2016
17    ----------------------------------------------------------
18
19            ORAL DEPOSITION OF NORTHROP GRUMMAN
20    CORPORATION SERVICE PLAN BY AND THROUGH ITS DESIGNATED
21    30(B)(6) REPRESENTATIVE MICHAEL LEE PENKERT, produced as
22    a witness at the instance of the PLAINTIFFS, and duly
23    sworn, was taken in the above-styled and numbered cause
24    on the 16th day of December, 2016, from 9:25 a.m. to
25    5:52 p.m., before TINA TERRELL BURNEY, CSR in and for
```

Page 2

1    the State of Texas, reported by machine shorthand, at

2    the offices of Northrop Grumman Corporation, 8710

3    Freeport Parkway, Irving, Texas 75063, pursuant to the

4    Federal Rules of Civil Procedure.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23                          Veritext Legal Solutions

                            Mid-Atlantic Region

                       1250 Eye Street NW - Suite 350

24                        Washington, D.C.   20004

25

```
                                                        Page 3

 1                    A P P E A R A N C E S
 2    FOR THE PLAINTIFFS:
 3         Mr. R. Joseph Barton
           COHEN MILSTEIN
 4         1100 New York Avenue, N.W.
           Suite 500, West Tower
 5         Washington, D.C.  20005
           202.408.4600  Fax 202.408.4699
 6         jbarton@cohenmilstein.com
 7         Mr. Michael Bartolic
           ROBERTS BARTOLIC LLP
 8         208 South LaSalle Street, Suite 1420
           Chicago, Illinois  60604
 9         312.635.1600  Fax 312.635.1601
           mbartolic@robertsbartolic.com
10
11    FOR THE DEFENDANTS:
12         Ms. Nancy G. Ross
           Ms. Laura R. Hammargren
13         MAYER BROWN
           71 South Wacker Drive
14         Chicago, Illinois  60606-4637
           312.701.8788  Fax 312.706.8273
15         mross@mayerbrown.com lhammargren@mayerbrown.com
16         Mr. Ken Reiss
           NORTHROP GRUMAN CORPORATION
17         ASSISTANT GENERAL COUNSEL
           2980 Fairview Park Drive
18         M/S 12161A
           Falls Church, Virginia  22042
19         703.280.4085  Fax 703.475.6164
           ken.reiss@ngc.com
20
21
22
23
24
25
```

```
                                                        Page 4
 1                             INDEX

 2                                                     PAGE

 3    Appearances....................................   2

 4    WITNESS:  MICHAEL LEE PENKERT

 5    Examination by Mr. Barton......................   7

 6    Examination by Ms. Ross....................... 218

 7    Further Examination by Mr. Barton............. 219

 8    Signature and Changes......................... 223

 9    Reporter's Certificate........................ 225

10

11

12                           EXHIBITS

13                 DESCRIPTION                         PAGE

14    Exhibit 1   Notice of Deposition..............   10

15    Exhibit 2   Mr. Penkert's LinkedIn Page.......   --

16    Exhibit 3   2012 Northrop Grumann Severance
                  Plan

17                Bates NGC06970-NGC06980...........   60

18    Exhibit 4   2012 Severance Plan Administration
                  Guide

19                Bates NGC15037-NGC015052..........   89

20    Exhibit 5   Adoption of Restated Northrop
                  Grumann Severance Plan 7/19/10

21                Bates NGC03488-NGC03498...........  130

22    Exhibit 6   Adoption of Northrop
                  Grumann Severance Plan 12/15/11

23                Bates NGC00204-NGC00227...........  130

24    Exhibit 7   Defendants' Answers and Objections
                  to Plaintiffs First Set of

25                Interrogatories..................  156
```

```
                                                        Page 5

 1                       EXHIBITS (cont'd)
 2                 DESCRIPTION                          PAGE
 3    Exhibit 8    2010 Form 5500..................... 171
 4    Exhibit 9    BPC Count Document................. 180
 5    Exhibit 10   2011 Form 5500..................... 185
 6    Exhibit 11   2012 Form 5500..................... 185
 7    Exhibit 12   2013 Form 5500..................... 185
 8    Exhibit 13   2014 Form 5500..................... 185
 9    Exhibit 14   2015 Form 5500..................... 185
10    Exhibit 15   Defendants' Response to Plaintiffs'
                   Third Set of Interrogatories
11                 Directed to all Defendants........ 188
12    Exhibit 16   ES Special Bulletin re: ES
                   Benefits Harmonization
13                 Bates NGC01098-NGC01099........... 191
14    Exhibit 17   Important Message About ES
                   Benefits Harmonization
15                 Bates NGC03739.................... 191
16    Exhibit 18   11/12/13 Missile Minute Bulletin
                   Bates NGC01172-NGC01173........... 191
17
      Exhibit 19   Enterprise News Article 1/23/14
18                 Bates NGC14354-NGC14356........... 191
19    Exhibit 20   1/28/14 "Missile Minute" Bulletin
                   Bates NGC01170-NGC01171........... 191
20
      Exhibit 21   1/28/14 "Missile Minute" Bulletin
21                 Bates NGC01174-NGC01175........... 191
22    Exhibit 22   Layoff/RIF Approval Request
                   7/27/12 Bates NGC13431............ 203
23
      Exhibit 23   Layoff/RIF Approval Request
24                 7/27/12 Bates NGC13434............ 203
25
```

```
                                                        Page 6

 1                      EXHIBITS (cont'd)
 2                DESCRIPTION                              PAGE
 3    Exhibit 24   Defendants' Amended Response to
                   Plaintiffs' Third Set of
 4                 Interrogatories Directed to all
                   Defendants........................ 204
 5
      Exhibit 25   Memo from Ms. Catsavas to
 6                 Mr. Campion, et al. 1/19/12
                   Bates NGC03579.................... 212
 7
      Exhibit 26   Memo from Ms. Catsavas to
 8                 Delegates 1/1/13
                   Bates NGC03592.................... 212
 9
      Exhibit 27   Memo from Ms. Ussery to
10                 Delegates 2/1/13
                   Bates NGC03594.................... 213
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 7

1                   (Exhibits 1 - 2 marked.)

2                      MICHAEL LEE PENKERT,

3      having been first duly sworn, testified as follows:

4                         EXAMINATION

5      BY MR. BARTON:

6           Q.   Good morning.

7           A.   Morning.

8           Q.   Would you state your full name, please?

9           A.   Michael Lee Penkert.

10          Q.   And what is your address?

11          A.   728 Joanna Drive, Hurst, Texas 76053.

12          Q.   Have you ever been deposed before?

13          A.   Yes.

14          Q.   How many times?

15          A.   Once.

16          Q.   Was that on behalf of Northrop Grumann?

17          A.   No.

18          Q.   How long ago was it?

19          A.   Roughly, 20 years ago.

20          Q.   All right.  Let me go through in terms of what

21     will happen here today so we're both clear.  So I will

22     ask you a series of questions today, and I'll expect you

23     to give answers.  The court reporter has sworn you in.

24     Do you understand that?

25          A.   Yes.

Page 8

1      Q.    And you understand you're testifying under

2    oath?

3      A.    Yes.

4      Q.    You understand that this proceeding today has

5    the same purpose, effect as if you were testifying in

6    court?

7      A.    Yes.

8      Q.    And as I go through and ask you questions,

9    you'll need to give some sort of verbal response rather

10   than a shaking of your head, and that's so we have a

11   clean record and so the court reporter can take down

12   your answers.  Okay?

13     A.    Yes.

14     Q.    There's a couple of things to remember here

15   today.  One is that let me finish asking my question

16   before you start answering your question, and that's, in

17   large part, so the court reporter can take down what's

18   being said.  She has a hard time of taking down what is

19   being said if we're talking over each other.

20              And I understand that's sort of not

21   normal conversation, and it's probably a rule that

22   everyone violates, and I'll try to remind you if you do,

23   but let's see if we can follow that.  Okay?

24     A.    (Nods head.)

25     Q.    As we go through here today and you don't

Page 71

1      Q.    With respect to TS where the decision, at

2   least prior to February 2014 -- strike that.  Let me

3   rephrase the question.

4                With respect to TS, prior to February of

5   2014 where eligibility for severance was dependent on

6   each division, operating unit or even program or

7   contract, with respect to providing employees a cover

8   memo or a severance eligibility letter, how was that

9   process made or determined?

10     A.    Are you speaking to the process to where they

11  actually received the documents?

12     Q.    I'm talking about the process in deciding who

13  would receive -- who would receive the cover memo or

14  severance eligibility letter.

15     A.    That's actually two steps.  From 2011 to 2014,

16  the TS sector enacted a -- again, a high plan, but then

17  it would be on a division-by-division subunit, even down

18  to contract level, that that division general manager

19  and the HR person who supports the division, they would

20  take a look at the situation, usually around financials,

21  to then determine whether or not that division, subunit,

22  contract, that they were going to extend layoff --

23  severance benefits to anyone who was laid off.

24                There was actually a form that was

25  implemented that then would be put in place for that

Page 72

1    division GM, HR person and the sector financial person

2    to capture their decision on whether or not to provide

3    benefits for, again, that division, whatever.

4                    So in other words, that new form that was

5    put in from 2011 to 2014 was essentially opting people

6    into paying severance.  So TS as a whole had decided to

7    high plan, but on a case-by-case basis.

8                    So each division then had to -- every

9    time a decision was made or an action was taken around a

10   layoff, would -- their division GM would have to

11   generate that -- let's see, it was the severance plan

12   authorization form.

13                   And then that would be reviewed and then

14   a determination was made for, however that group was

15   defined, whether or not that group was going to get

16   severance benefits.  That was Step 1.

17                   Step 2 is, then based upon that decision,

18   then the HR team would execute -- administer, like I

19   said earlier, the plan to if the employees were getting

20   benefits and also met the eligibility requirements that

21   you see in the plan document, that they would make sure

22   the employee received all the material that we've

23   described before, including the severance eligibility

24   document.

25                   If a decision was made not to give that

Page 73

1    subunit any benefits, then essentially the employee

2    would receive the reduction in force notification letter

3    just essentially saying that, "You are being laid off."

4        Q.    And the decision that was being made was being

5    made on a -- at least a group-by-group contract?

6                    MS. ROSS:   Objection, form.

7        A.    Correct.

8        Q.    Is that right?

9        A.    I'm sorry?

10       Q.    The decision that was being made is by groups.

11   Whether they be a particular operating unit or program

12   or contract, it's by group, not individually?

13                   MS. ROSS:   Objection, vague.

14       A.    Well, the decision was being made by the

15   division general manager, in support with HR and finance

16   on which division would get the benefits.  It could also

17   go down to even to a level of a contract based upon the

18   financials for that group.

19       Q.    But if it went all the way down to a contract,

20   it would be all individuals on the contract?

21       A.    Correct.

22       Q.    And was that decision being made with respect

23   to a particular division, particular contract at the

24   time that people were being terminated or some prior

25   time?