IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN CARLSON & PETER DELUCA, individually and on behalf of a class of similarly situated individuals., <br><br> Plaintiffs, <br><br> v. <br><br> NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN, <br><br> Defendants. | Civil Action No. 13-cv-2635 <br><br> Judge Andrea Wood <br><br> Magistrate Judge Maria Valdez |

**PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO SCHEDULE FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs Alan Carlson and Peter Deluca, individually and on behalf of a class of similarly situated individuals, by and through their attorneys, respectfully move this Court for an order enlarging their time to file their motion for summary judgment, and state in support thereof:

1. On December 10, 2019, this Court entered a minute order setting a briefing schedule on the parties' cross motions for summary judgment. (Dkt. #255).

2. The order provided that the parties' cross-motions for summary judgment shall be filed by March 13, 2020, responses filed April 24, 2020, and replies filed by May 22, 2020. (Dkt. #255).

3. Defendants moved to extend the deadlines by two weeks via unopposed motion previously, which the Court granted. (Dkt. #266, 268).

1

4. Through General Order 20-0012, and its amendments, those deadlines were automatically extended to June 12, 2020, July 24, 2020, and August 21, 2020 respectively. (Dkt. #s 269, 270, 272).

5. As noted in Defendant's prior motion, there are complex legal and factual issues in this case. (Dkt. #266 ¶ 3).

6. The parties have taken 15 depositions, and jointly produced over 15,000 pages of documents in this action.

7. In the agreed division of labor in this case, the undersigned has primary responsibility for drafting Plaintiffs' motion for summary judgment and Rule 56.1 statement of facts, which requires synthesizing information from those 15 depositions and over 15,000 pages of documents exchanged to present the facts most important for summary judgment for the class members, and arguments in support thereof.

8. While the Court has generously extended deadlines due to Covid-19, the undersigned has been affected significantly.

9. During pandemic, the undersigned decided that all staff should stay away from the office, and work to the extent possible remotely, despite one staff member's job not being very suitable for work from home, causing the undersigned to absorb much of her responsibilities during the pandemic while maintaining payroll. That staff member was also hired less than a month before the firm began working from home, due to a predecessor staff member's resignation, making training the employee more difficult.

10. The undersigned's one other staff member has had reduced availability due to having to provide childcare not previously necessary.

11. The undersigned mostly handles individual ERISA benefit claims, which are mostly disability insurance cases. The overwhelming majority of the firm's clients are those outside of litigation, including many whose claims the firm previously obtained approval by the disability insurers. These matters can be worked on remotely, but because of insurers' reliance on mail to transmit payments, files, and even correspondence, the undersigned absorbed administrative duties related to the incoming mail.

12. Most of the cases in pay status encountered troubles, directly related to Covid-19, that required a considerable amount of the undersigned's time that would not have otherwise occurred.

13. There were interruptions to scheduled payments, requiring coordinating between clients and insurers. Many insurers requested updated medical substantiation, while medical service providers' responses were often delayed or disrupted. A number of clients' claims were terminated for not obtaining such documents from unresponsive or slow to respond medical service providers, or for not receiving medical care during a time of pandemic-induced cancellation or rescheduling of medical appointments and elective/non-essential procedures. The undersigned had to perform considerable amounts of work to protect the firm's and clients' revenue streams that were already in place prior to Covid-19, and that unlikely would have been necessary work but for Covid-19.

14. The undersigned's parents are both individuals at high risk, for multiple reasons, of complications and mortality in the event of Covid-19 infection, so the undersigned has spent considerable time assisting them with personal needs to limit the risk of exposure. The undersigned has no other relatives in the area.

15. The undersigned even delayed commencing treatment for his own sleep disorder due to hospital recommendation to postpone elective treatment, which adversely affected productivity for much of the time since mid-March.

16. The undersigned and one staff member had planned to return to the office full-time earlier this week, and brought our equipment (extra monitors, monitor arms, VOIP phones, files) back to the office from homes on Saturday, only to learn that evening the city was in the middle of riots, and we would remain home without our usual work equipment that permits us to work smoothly.

17. While the Court has been generous with its General Order and amendments, and this case has been on the docket for some time, the undersigned has nevertheless had difficulty keeping up with responsibilities, and decided to allocate time to those most immediately in need.

18. Plaintiffs request the Court extend the summary judgment briefing deadlines by an additional 21 days. The requested deadlines are: July 3, 2020 for cross-motions, August 14, 2020 for responses, and September 11, 2020 for replies.

19. The undersigned requires the extension to adequately make Plaintiffs' case. Plaintiffs' cross-motion is with respect to the count of the amended complaint for which the Court already certified a class.

20. Given the Court has not yet ruled on Plaintiffs' renewed motion for class certification on Counts II and III (Dkt. #256), Plaintiffs do not believe this extension will cause any overall delay to conclusion of the case.

21. This is the first time Plaintiffs requested an extension to file this motion for summary judgment, and the undersigned does not anticipate needing another extension.

4

22. The undersigned has conferred with counsel for Defendants, who confirmed they do not oppose this motion.

For the above-stated reasons, Plaintiffs request this Court enter an order extending the deadlines for cross motions for summary judgment to July 3, 2020 for cross-motions, August 14, 2020 for responses, and September 11, 2020 for replies.

Dated: June 3, 2020

Respectfully submitted,

/s/ Michael Bartolic
Michael Bartolic
The Law Offices of Michael Bartolic, LLC
208 S. LaSalle Street, Suite 1420
Chicago, Illinois 60603
Tel: 312-635-1600
Email: mbartolic@michaelbartolic.com

R. Joseph Barton
Block & Leviton LLP
1735 20th Street, NW
Washington, DC 20009
Tel: 202-734-7046
Email: jbarton@blockesq.com

Vincent Cheng
Block & Leviton LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: 510-543-0489
Email: vincent@blockesq.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon all parties of record via the Electronic Filing System of the U.S. District Court for the Northern District of Illinois on June 3, 2020.

/s/ Michael Bartolic
Michael Bartolic
