IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN CARLSON & PETER DELUCA, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) Civil Action No. 13-cv-2635 ) Judge Andrea Wood ) |
| Plaintiffs, | ) Magistrate Judge Maria Valdez ) |
| v. | ) ) |
| NORTHROP GRUMMAN CORPORATION and the NORTHROP GRUMMAN SEVERANCE PLAN, | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Alan Carlson and Peter DeLuca, individually and on behalf of the certified Class, pursuant to Local Rule 56.1, hereby submit this Notice of Supplemental Authority Pertaining to the pending Cross-Motions for Summary Judgment on Count I of the Amended Complaint. Defendants have argued Plaintiffs are barred from making certain arguments in litigation because they did not make that specific argument during administrative claim review. (Dkt. No. 288 at 7). Plaintiffs replied explaining ERISA benefit claims do not require issue exhaustion. (Dkt. No. 291 at 6–7).

On April 22, 2021, after the parties completed briefing of the cross-motions, the Supreme Court decided *Carr v. Saul*, 141 S. Ct. 1352 (2021). In the context of administrative law, the Court held that where statutes and regulations do not explicitly require issue exhaustion, the degree to which the administrative proceeding mirrors normal adversarial litigation determines whether issue exhaustion prior to litigation is required. *Saul*, 141 S. Ct. at 1358. "The critical feature that distinguishes adversarial proceedings from inquisitorial ones is whether claimants

bear the responsibility to develop issues for adjudicators' considerations." *Id.* "'The differences between courts and agencies are nowhere more pronounced than in Social Security proceedings,' where administrative 'proceedings are inquisitorial rather than adversarial.'" *Id.* at 1359 (quoting *Sims v. Apfel*, 530 U.S. 103, 110–111 (2000)). The Supreme Court reasoned that when an administrative proceeding represents an adversarial process, the stronger the case to require issue exhaustion, similar to a Circuit Court of Appeals after District Court litigation. But where the administrative process is designed to be non-adversarial, there is no basis to require issue exhaustion. *Id.* at 1359–60.

The Seventh Circuit has repeatedly referred to ERISA benefit claims administrative claim exhaustion as a non-adversarial proceeding. *See, e.g., Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011) (explaining the reason to require a claimant to exhaust going through administrative remedies is that the process is non-adversarial); *Powell v. AT&T Commc'ns, Inc.*, 938 F.2d 823, 826 (7th Cir. 1991) (same). ERISA plan administrators are fiduciaries to the claimants, not adversaries.

The Seventh Circuit also has held it may treat employee benefit plan administrators "just like administrative law judges implementing the Social Security disability-benefits program." *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999); *accord Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 476–78 (7th Cir. 1998); *Schleibaum v. Kmart*, 153 F.3d 496, 503 (7th Cir. 1998).

As such, the recent Supreme Court decision in *Carr* instructs to how to reconcile the judicially created requirement to exhaust administrative remedies in ERISA benefit claims, with whether to further require "issue exhaustion" during the process of exhausting those remedies. ERISA administrators are fiduciaries. While a claimant must exhaust the claim and appeal

process before litigation, the claimant need not raise a specific issue during the administrative process with respect to the claim to raise that issue in litigation.

Dated: May 14, 2021   Respectfully submitted,

/s/ Michael Bartolic
Michael Bartolic
Bartolic Law
180 W. Washington Street Suite 700
Chicago, Illinois 60602
Tel: 312-635-1600
Email: michael@bartoliclaw.com

R. Joseph Barton
Block & Leviton LLP
1735 20th Street, NW
Washington, DC 20009
Tel: 202-734-7046
Email: jbarton@blockesq.com

Vincent Cheng
Block & Leviton LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: 510-543-0489
Email: vincent@blockesq.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing was served upon all parties of record via the Electronic Filing System of the U.S. District Court for the Northern District of Illinois on May 14, 2021.

                                                  /s/ Michael Bartolic
                                                  Michael Bartolic